# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATY TISCARENO, individually and on behalf of all those similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.<br><br>Defendant. | Case No. 5:19-cv-04058-HLT-JPO |

## SECOND AMENDED COMPLAINT

**Introduction**

1. Plaintiff Katy Tiscareno brings this action on behalf of herself and all similarly-situated production employees at Defendant Bimbo Bakeries USA, Inc.'s, Topeka, Kansas bakery ("Plaintiffs"). Defendant deprived Plaintiffs of their proper earnings by requiring them to don and doff special equipment, gear, and/or clothing which was integral and indispensable to job-related functions, but not paying them for the time spent donning and doffing.

2. Defendant violated and continues to violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

3. Defendant further violated and continues to violate the Kansas Wage Payment Act ("KWPA"), K.S.A. 44-313, *et seq.*, by not paying employees the wages they are due by operation of law under the FLSA for overtime, and that they are entitled

to as well for their straight-time worked off the clock by virtue of having conferred a benefit on their employer and done tasks at the direction of their employer.

3. Plaintiffs seek unpaid wages, liquidated damages, and attorney's fees and costs against Defendant for its unlawful, knowing, and willful actions pursuant to the FLSA.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.,* (the FLSA), and has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

5. Venue is proper in this District Court pursuant to 28 U.S.C. §1391 as substantial acts and events giving rise to this case occurred in Kansas.

**Parties**

6. Named plaintiff Katy Tiscareno worked as a production employee at Defendant's bakery in Topeka, Kansas, until May 2016. Ms. Tiscareno has consented to be a party plaintiff to the FLSA claim in this action pursuant to 29 U.S.C. § 216(b). Ms. Tiscareno's consent has been filed with this Court. All other Plaintiffs at this point are opt-in Plaintiffs whose consents have also been filed with the Court, and their names are incorporated by reference to the consents filed on the docket as if fully set forth here. Collectively, Tiscareno and the other opt-ins are referred to as "Plaintiffs."

7. Defendant Bimbo Bakeries USA, Inc., is a Delaware corporation with a principal place of business in Horsham, Montgomery County, Pennsylvania. Defendant is engaged principally in the business of making and distributing baked goods.

8. Defendant Bimbo Bakeries USA, Inc., constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000 in business and its employees, including Plaintiffs, handle and sell goods that have been moved in or produced for commerce, such as, *inter alia*, baked goods.

**FLSA Collective Action Allegations**

9. Plaintiffs bring this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and other similarly situated individuals, consisting of:

> All persons who currently work or who have worked for Defendant as hourly plant employees at its Topeka, Kansas bakery, and who were required to don and doff special clothing and equipment which was integral and indispensable to job-related functions, but who were not paid for the time spent donning and doffing, and who performed such donning and doffing at any time from three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

10. The employees in the FLSA Collective have been the victims of Defendant's practice of failing to pay for time spent donning and doffing equipment before and after each shift, and accordingly of failing to pay overtime in violation of the FLSA in instances in which these employees worked in excess of forty hours per week, inclusive of the donning and doffing time.

11. Defendant's unlawful conduct has been willful and has caused significant damage to Plaintiff and the FLSA Collective.

12. The FLSA Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. The members of the FLSA collective are known to Defendant and are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b).

**Factual Allegations**

13. Plaintiff and the FLSA Collective were and/or are bakery plant workers at Defendant's Topeka, Kansas bakery.

14. Plaintiff and the FLSA Collective were paid on an hourly basis.

15. Before the beginning of each shift, Plaintiffs were required to show up at the bakery plant and proceed to a locker room area.

16. In the locker room area, Plaintiffs were required to take their street clothes off, and don a uniform assigned by Bimbo.

17. Plaintiff and employees like her were also required to put on steel-toed shoes, which were assigned by Bimbo and which employees could not take home with them.

18. Plaintiffs had to don ear plugs, a hair net, and a bump hat, and to retrieve safety glasses.

19. Conservatively, the process can take up to fifteen minutes.

20. Only then were Plaintiffs able to clock in, and start receiving pay.

21. After finishing their shifts, Plaintiffs were required to first clock out, and then return to the locker room area to remove all of the equipment they had put on, and change back into their street clothes.

22. Plaintiffs were likewise not paid for this doffing time, which conservatively can take up to fifteen minutes.

23. Plaintiffs regularly worked in excess of forty hours per week.

24. Because of Defendant's failure to record and pay for all time worked, the Plaintiffs have suffered and continue to suffer a loss of income.

25. On information and belief, Defendant operates 55 bakeries in 28 states, at some or all of which, hourly plant employees are and/or have been required to don and doff clothing and equipment in like manner to the requirements imposed on Katy Tiscareno at the Topeka, Kansas plant.  To the extent that such employees exist, and have not been compensated for time spent donning and doffing in excess of 40 hours per week, they are similarly situated to Katy Tiscareno and the members of the FLSA collective.  Defendant is aware that such employees exist.

**KWPA Class Allegations**

26. Plaintiff Tiscareno also brings a claim in this action under the Kansas Wage Payment Act, on behalf of herself and all other similarly-situated individuals who currently work or have worked as plant workers at the Topeka bakery at any time from the date three years prior to the filing of this action, to the time judgment is entered in this action. Additionally, and in the event a Rule 23, class is not certified, this claim is made on behalf of and for the benefit of the opt-in Plaintiffs.

27. Plaintiff Tiscareno brings the KWPA claims as a putative class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of:

> All persons who currently work or who have worked for Defendant as hourly plant employees at its Topeka, Kansas bakery, and who were required to don and doff special clothing and equipment which was integral and indispensable to job-related functions, but who were not paid for the time spent donning and doffing, and who performed such donning and doffing at any time from three years prior to the filing of this action through the entry of judgment in this action.

28. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

29. Upon information and belief, the size of the Rule 23 Class is at least two hundred people, although the precise number of such employees is not known. Facts supporting the calculation of that number are presently within the sole control of Defendant.

30. Common questions of law and fact exist as to the members of the Rule 23 Class that predominate over questions affecting them individually, including, without limitation, the following: whether:

(a) Defendant violated the KWPA by failing to pay for all time worked;

(b) Defendant maintained a policy and practice of requiring donning and doffing of equipment, gear, and/or clothing before and after each shift;

(c) Defendant failed to record and/or pay for time spent on these tasks;

(d) These tasks were integral and indispensable to Plaintiffs' work; and

6

(e) Defendant was aware that Plaintiffs were spending time donning and doffing equipment, gear, and/or clothing.

31. Plaintiff's claims are typical of the claims of the Rule 23 Class members she seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants as hourly Topeka plant workers within the three years prior to the filing of this action. They enjoy statutory rights under the KWPA to be paid for all hours worked and to be paid any wages required by other laws, including overtime under the FLSA and straight time. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the KWPA.

32. Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns.

33. Plaintiff Tiscareno will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff has retained competent and experienced counsel who is already appointed as class counsel for the FLSA collective. There is no conflict between Plaintiff's interests and those of the Rule 23 Class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recover as a result of Defendant's common policies, practices, and procedures. Although the damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of the prosecution of this litigation. In addition, class action litigation is superior

because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

35. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COUNT I

### (Fair Labor Standards Act – Unpaid Overtime Wages)

36. Plaintiffs repeat the allegations of paragraphs 1 through 25 as if fully set forth in this paragraph.

37. Defendant is an "employer" within the meaning of 29 U.S.C. §§ 203(c) and (d).

38. Plaintiff and the members of the FLSA Collective were or are "employees" within the meaning of 29 U.S.C. §§ 203(e).

39. Defendant suffered and/or permitted Plaintiff and the members of the FLSA Collective to perform work to Defendant's benefit in excess of 40 hours per week.

40. Defendant failed to compensate Plaintiff and other members of the FLSA Collective for all time worked.

41. Defendant's actions were willful.

42. As a result of Defendant's willful violations of the FLSA, Plaintiff Tiscareno and the FLSA Collective suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §

216(b). Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

## COUNT II

### (Kansas Wage Payment Act – Unpaid Wages)

43. Plaintiffs repeat the foregoing allegations as if fully set forth here.

44. Defendants are employers within the meaning of the Kansas Wage Payment Act, K.S.A. 44-313 through 44-327, and supporting regulations.

45. Defendant employed Plaintiffs and the proposed Rule 23 Class.

46. Plaintiffs and the proposed Rule 23 Class members are employees within the meaning of the KWPA.

47. Defendants failed to pay Plaintiffs and the Rule 23 Class members the wages to which they were and are entitled under the KWPA by virtue of their having conferred an unjust benefit on Defendant, having performed uncompensated work for defendant, and being entitled to be paid for all time worked, and also via the FLSA.

48. Defendant's failure to pay has been knowing and willful.

49. As a direct and proximate result of Defendant's violations of the KWPA, Plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, interest penalties, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Katy Tiscareno, on her behalf and on behalf of the FLSA Collective and the proposed Rule 23 class, and the opt-in Plaintiffs, pray for the following relief:

(a) an order certifying the case as a collective action for the violations of the FLSA, as it pertains to Count I under the FLSA, 29 U.S.C. § 216(b) for the employees described herein, which order has already been granted;

(b) Designation of the named Plaintiff as the representative of the FLSA Collective and designating Plaintiff's counsel as counsel for the FLSA collective, which order has already been granted;

(c) Notice issued at the earliest possible time to all members of the FLSA Collective who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform the recipients that this action has been filed. It should describe the nature of the action, explain the recipients' right to opt in to this lawsuit, and enable them to opt in without difficulty. This notice has been sent;

(d) An award to Plaintiff and the FLSA Collective unpaid overtime wages, liquidated damages, pre-and post-judgment interest, and attorneys' fees and costs under the FLSA;

(e) Certification of the proposed Rule 23 class on the Kansas Wage Payment Act claim, and appropriate notice to all class members;

(f) Unpaid wages, interest, penalties, and any other relief provided by statute on the Kansas Wage Payment Act claims; and

(g) An award of such further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to RULE 38(b) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs demand a trial by jury in this action.

Dated: September 30, 2019                         Respectfully submitted,

                                                 KEENAN & BHATIA, LLC

                                                 By: __/s/ E.E. Keenan_____
                                                 Edward (E.E.) Keenan
                                                 D. Kan. Bar No. 78368
                                                 929 Walnut Street, Suite 5107
                                                 Kansas City, MO  64106
                                                 (816) 809-2100
                                                 ee@keenanfirm.com

                                                 *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify service of the foregoing to Defendant's counsel by CM/ECF filing on September 30, 2019.

By: __/s/ E.E. Keenan_____
An Attorney for Plaintiffs